UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURA J. ROULE,

        Plaintiff,

v.                         CASE NO.:  8:04-CV-2146-T-MAP

JO ANNE B. BARNHART, Commissioner
of Social Security,

        Defendant.
_____/

## ORDER

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's decision denying her disability insurance benefits, period of disability benefits, and Supplemental Security Income ("SSI").  Plaintiff argues the Administrative Law Judge ("ALJ") erred when he (1) failed to adequately consider the severity of her impairments at step two of the sequential evaluation; (2) failed to give proper weight to the opinions of her treating physician;  (3) failed to fully and adequately develop the record; (4) failed to properly apply the pain standard; and (5) failed to present a proper hypothetical to the vocational expert ("VE").  She additionally argues remand is needed for consideration of new evidence submitted to the Appeals Council.  Having carefully reviewed the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence.  Accordingly, Plaintiff's complaint is dismissed and judgment is entered for the Defendant.

### A.  Background

Plaintiff, born on August 31, 1964, earned her GED and has past work experience as a security officer, driver, and telemarketing supervisor.  She claims disability, commencing January

29, 2002, due to musculoskeletal problems of the back, arthritis, diabetes with diabetic neuropathy, asthma, obesity, and depression and anxiety. Plaintiff filed applications for disability insurance benefits and SSI on January 30, 2002, alleging a disability onset of January 29, 2002. After these applications were denied initially and on reconsideration, and Plaintiff requested an administrative hearing. An administrative hearing was held on June 26, 2003, and the ALJ issued a decision denying Plaintiff benefits. The Appeals Court denied review on August 26, 2004, and Plaintiff filed this action. The case is now ripe for review.

### B. Standard of Review

To be entitled to SSI or disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423 (d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. *See* 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e.,

one that significantly limits the ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. § 404.1520.  A claimant is entitled to benefits only if unable to perform other work.  *See Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f); 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, (1971). The ALJ's factual findings are conclusive if  "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

   *C.  Discussion*

     *1.  Step Two*

Plaintiff claims the ALJ erred at step two of the sequential analysis by failing to adequately consider the severity of her diabetic neuropathies and the edema and pain secondary to her arthritis

and skeletal problems.  The Commissioner argues that the ALJ did in fact consider the severity of these impairments, concluding they were not severe.  Alternatively, the Commissioner states that where the ALJ finds some impairments severe, as the ALJ did in this case with Plaintiff's diabetes mellitus, obesity and arthritis, it is not reversible error when he finds other impairments not severe, so long as he proceeds with the sequential analysis.  In proceeding to the next steps in the analysis, the ALJ considered Plaintiff's edema, back pain and neuropathy at step four, when he determined Plaintiff's residual functional capacity.  *See Brown v. Barnhart*, case no. 02-cv-321-Ocala-10GRJ (M.D. Fla. Jan. 30, 2004).

An impairment is "not severe" if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.  *See Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); SSR 85-28 (1985).  Although several of Plaintiff's treating doctors noted she reported neuropathy problems, her neurological exams were normal and neither Dr. Gedia nor Dr. Moorthy imposed any work restrictions or limitations based on her neuropathy symptoms (R. 159, 243-46).  Similarly, even though Dr. Gedia noted Plaintiff's "1+ pedal edema bilaterally" in her extremities, on exam her musculoskeletal system, range of motion, and gait were normal and she did not require any assistive devices.   As the ALJ indicated, Dr. Gedia's impression after examining Plaintiff on November 21, 2003, was "chronic low back pain, probably secondary to obesity, poorly controlled diabetes mellitus, well controlled hypertension, obesity, stable bronchial asthma, and peripheral neuropathy secondary to diabetes."  Dr. Gedia did not include edema in his impression, and no other treating doctor indicated the edema affected Plaintiff's ability to work.  Accordingly, after reviewing the record evidence, I find substantial support for the ALJ's conclusions.  The ALJ committed no

error at step two of the sequential analysis and followed the regulatory scheme.

### 2. *Treating physician*

Plaintiff claims the ALJ failed to give proper weight to the opinion of Dr. Werden. Specifically, she contends the ALJ "gave short thrift to treating physician Dr. Werden's note that the Plaintiff required a wheelchair for degenerative disc disease." The Commissioner disputes that Dr. Werden is a treating physician. Although his name is mentioned five times throughout the medical evidence, there are no treatment records from him. The references to him are a letter to him from Dr. Rattes dated October 16, 2003, a notation on a Dobutamine Myoview Stress Test stating Dr. Werden is the referring physician on October 24, 2003, notations on two reports to send copies to Dr. Werden on October 30, 2003, and December 2, 2003, and a prescription by Dr. Werden on March 8, 2004, noting "wheelchair dx DDD- law back." *See* R. 259.

The Eleventh Circuit holds that testimony of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). The social security regulations also require the findings of a treating physician be given controlling weight. 20 C.F.R. § 404.1527(d)(2). However, a treating source's opinions may be disregarded if unsupported by objective medical evidence or wholly conclusory. If the ALJ gives less weight to the opinion of the treating physician as compared to other evidence in the record, the ALJ must clearly articulate his reasons for doing so, and the failure to do so is reversible error. *MacGreger*, 786 F.2d at 1053.

Here, the ALJ clearly articulated his reasons for not giving controlling weight to Dr. Werden. He stated, "The undersigned gives little weight to this note as it is completely unsupported by the

medical evidence" (R. 20). Corroborating the absence of treatment records from Dr. Werden are the lack of records from other treating sources supporting the need for a wheelchair. In fact, the treatment records from other doctors indicate Plaintiff can ambulate and does not need assistive devices. *See* R. 242, 164. Accordingly, I find substantial support for the ALJ's decision to give little weight to Dr. Werden.

### 3.   *Developing the record*

Plaintiff claims the ALJ erred by failing to re-contact Dr. Werden to clarify his prescription for a wheelchair. However, as the Commissioner notes, the regulations advise re-contacting a treating physician when there is an ambiguity that cannot be resolved based on the record. "We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1). Based on the regulation, the ALJ did not err in failing to re-contact Dr. Werden since he did not find an ambiguity or conflict in his report. Instead, the ALJ found Dr. Werden's report unsupported and conclusory and in conflict with the rest of the medical evidence. Hence, his decision is supported by substantial evidence.

### 4. *Pain standard*

Plaintiff contends the ALJ's evaluation of her neuropathies, edema, and back pain/ arthritis was insufficient and failed to comply with the Eleventh Circuit's pain standard. She correctly recites the pain standard, but fails to support her argument that standard was not followed. Under the Eleventh Circuit's three-part "pain standard," the Plaintiff must show: (1) evidence of an underlying

medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). The Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529 and 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1528 and 404.928. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6).

The ALJ  followed the correct regulatory scheme in considering Plaintiff's subjective complaints. In doing so, the ALJ found her statements concerning her limitations and their impact on her ability to work not fully credible in light of the medical evidence (R. 21). As to her back pain/ arthritis, the ALJ noted that Drs. Moorthy and Gedia's progress notes showed no significant findings and that her complaints of tenderness and decreased range of motion were only after the physical altercation she had with her son (R. 21). His decision to discount her reports of severe functional limitations is supported by substantial evidence.

### 5. *New evidence*

Plaintiff asserts the Appeals Council erred by failing to consider the new evidence she submitted and maintains that this Court should remand to the ALJ to consider the new evidence. The Appeals Council denied Plaintiff's request for review only after reviewing her contentions of

error on the part of the ALJ and the new evidence (R. 5).  In such a situation, this Court's role is to look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence.  *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).  Remand is appropriate only where the claimant can show that (1) new, noncumulative evidence exists; (2) the evidence is material in that it is relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level.  *Falge,* at 1323.

The new evidence Plaintiff presents is a medical source statement from Dr. Werden prepared on June 18, 2004 (R. 295-98), twenty days after the ALJ rendered his decision on May 27, 2004. She claims the statement should be considered since it concerns the relevant time period, especially in light of her argument that the ALJ failed to adequately develop the record with regard to Dr. Werden's treatment.  However, the new evidence contains statements concerning Plaintiff's functional limitations and is unsupported by objective medical evidence.  Although Plaintiff claims that Dr. Werden is a treating doctor, she has not submitted any treatment records from him.  Aside from checking off boxes indicating Plaintiff's ability to perform work related activities, the new evidence states only that she has "body/ arm weakness" and "+arthritic changes in lumbar spine subjective pain and stiffness in back and joints" and that she has "asthma, severe diabetes" (R. 296).

Upon review, I find Dr. Werden's medical source statement is new, in that it did not exist at the time of the administrative hearing, and arguably non-cumulative since Dr. Werden now asserts opinions regarding Plaintiff's functional limitations that he did not assert in the medical evidence submitted to the ALJ.  However, the new evidence is not material since it does not create a

reasonable possibility that the administrative outcome would be different. Dr. Werden's conclusions, like his prior conclusion that Plaintiff needed a wheelchair, are unsupported by objective medical evidence and are unaccompanied by treatment records indicating he has a familiarity with the Plaintiff and her capabilities. Though new opinions are rendered in the statement, no new or additional medical findings or tests are submitted supporting his opinions.

Moreover, Plaintiff has failed to establish good cause for failing to submit the statement before the administrative hearing. Good cause is not established simply because the statement did not exist at the time of the administrative hearing. The Eleventh Circuit holds that the good cause requirement was designed to prevent claimants from seeking "afteracquired evidence, and the us[ing] such evidence as an unsanctioned 'back-door means of appeal." *Milano v. Brown*, 809 F.2d 763, 767 (11th Cir. 1987) quoting *Szubak v. Secretary*, 745 F.2d 831, 834 (3d Cir. 1984). Accordingly, I find the Appeals Council properly considered the new evidence and committed no error in denying review. And, Plaintiff failed to show that remand to the ALJ for consideration of the new evidence is warranted.

### 6. *Hypothetical to vocational expert*

Plaintiff claims the ALJ posed an incomplete hypothetical to the vocational expert. However, as the Commissioner noted, the ALJ did not use a vocational expert in this case since he determined she could return to her past relevant work at step four. A vocational expert is used only when the ALJ proceeds to step five of the sequential analysis to determine if she can do work in light of her RFC, age, education, and work experience.

*D.  Conclusion*

For the reasons stated, it is

ORDERED:

1.  The Plaintiff's complaint is dismissed and the Clerk is directed to enter judgment for the

Commissioner.

DONE AND ORDERED at Tampa, Florida on this 2nd day of March, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE